SHERYL K. ITH [SBN 225071]
JENNIFER H. WANG [SBN 242998]
jwang@cookseylaw.com
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
(714) 431-1100; FAX: (714) 431-1145

Attorneys for Movant AMERICREDIT FINANCIAL
SERVICES, INC. dba GM FINANCIAL

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re

MARLON HILL LAWAS; REBECCA GARCIA LAWAS,

    Debtors.

AMERICREDIT FINANCIAL SERVICES, INC. dba GM FINANCIAL,

    Movant.

vs.

MARLON HILL LAWAS; REBECCA GARCIA LAWAS; and DAVID CUSICK, Trustee,

    Respondents.

Case No. 13-33513-E-13C

DC No. JHW-2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF

Date: MARCH 25, 2014
Time: 1:30 PM
Dept: E - Ctrm 33, 6th Floor

I.

**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR "CAUSE" UNDER 11 U.S.C. § 362(d)(1)**

11 U.S.C. § 362(d)(1) provides:

    "(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

13-33513-E-13C
1350.2726   2658666.1

1

MEMORANDUM OF POINTS & AUTHORITIES

1  (1) for cause, including lack of adequate protection of an interest in property of such party in interest; . . ."

Subsection (1) of 11 U.S.C. § 362(d) allows the Court to grant relief from the automatic stay for "cause." Failure to make post-petition payments as they become due in a Chapter 13 case constitutes "cause" for relief from the Automatic Stay pursuant to section 362(d)(1). In re Ellis, 60 B.R. 432 (9th Cir. BAP 1985).

Further, 11 U.S.C. SECTION 362(g) states:

"In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section —

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues." (Emphasis added.)

In this case, Movant's claim is being paid by the Chapter 13 Trustee "through the Plan." Debtors are in default under the terms of the Amended Plan as Debtors have missed post-petition plan payments to the Chapter 13 Trustee. The Vehicle continues to be used and continues to depreciate while Debtors retain the benefit of the Vehicle, but Movant is not receiving payments from the Trustee because Debtors have failed to tender the required payments to the Trustee.

II.

CONCLUSION

For the foregoing reasons, Movant should be granted relief from the automatic stay of 11 U.S.C. § 362 to permit Movant and all other parties acting on its behalf to exercise all of Movant's rights and remedies with respect to the vehicle in question.

Dated: February __, 2014

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: /s/ Jennifer H. Wang
JENNIFER H. WANG
Attorneys for Movant